**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**KARL AHLERS**,

          Plaintiff,

  - v -               Civ. No. 9:12-CV-0539
                       (DNH/RFT)

**JEFFERY NOWICKI**, *Chief of SOTP,
CNYPC*, **BARBARA MILLER**, *Director of
Administrative Services*, *CNYPC*, **CYNTHIA
COMSTOCK**, *Nurse Administrator, SOTP,
CNYPC*,

          Defendants.

**APPEARANCES:**           **OF COUNSEL:**

**KARL AHLERS**
Plaintiff, *Pro Se*
#61656-305
Central New York Psychiatric Center
P.O. Box 300
Marcy, NY 13403

**HON. ERIC T. SCHNEIDERMAN**     **CATHY Y. SHEEHAN, ESQ.**
Attorney General of the State of New York  Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

  Plaintiff Karl Ahlers brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, Fifth, and Fourteenth Amendment rights as a result of a room search conducted by staff members of the Central New York Psychiatric Center (CNYPC), where Plaintiff is involuntarily civilly committed. *See* Dkt. No. 1, Compl. Defendants now move for Summary

Judgment. *See* Dkt. No. 18. Plaintiff opposes the Motion. See Dkt. No. 20. For the reasons stated below, we recommend that the Defendants' Motion be **GRANTED**.

## I. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary

judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II. DISCUSSION

### A. Summary of Facts

Except where noted, the following facts are undisputed.

At all times relevant to the Complaint, Plaintiff was an involuntarily civilly committed resident at CNYPC. Dkt. No. 18-2, Defs.' Statement of Material Fact Pursuant to Local Rule 7.1(a)(3) ("hereinafter 7.1 Statement"), at ¶ 1. On Wednesday, February 1, 2012, members of CNYPC's security team, searched Ahler's assigned room at CNYPC. *Id*. at ¶¶ 3, 8, & 12. As a

result of the search, security staff found and removed from Ahler's room "2 screws missing fluorescent light/screws loose on desk, 3 ketchup, 3 Lorna Doones [cookies], 1 gallon size plastic bags [sic], 1 quart plastic bag, 1 sandwich bag, 3 mayonnaise relish packets." *Id.* at ¶¶ 13 & 14. In violation of CNYPC's policy, Plaintiff's possessions were not returned to their original state after the search. His bedding was thrown on the floor and walked on by staff. Compl. at ¶¶ 5(g) & (s). As a result, Plaintiff had to sleep on dirty sheets, or without sheets. *Id.* at ¶ 5(h). Prior to the search, Plaintiff had verbally complained to CNYPC's business office regarding his phone bill. Dkt. No. 18-6, Karl Ahlers Dep., dated Mar. 12, 2013, at pp. 63–66.

### B. Fourth Amendment

Plaintiff alleges that, without any probable cause or other suitable justification, Defendant Comstock supervised an unconstitutional search of his room, and that Defendants Miller and Nowicki are liable for this search in their supervisory capacity. *See generally* Compl.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. Amend. IV. "The purpose of the fourth amendment [] is to protect people from arbitrary and oppressive governmental conduct." *Aiken v. Nixon*, 236 F. Supp. 2d 211, 230 (N.D.N.Y. Sept. 30, 2002). However, "involuntarily committed individuals do not have a right to privacy in their cells, and therefore cannot challenge a cell search under the Fourth Amendment." *See Ahlers v. Bosco*, 2012 WL 6649191, at * 3 (N.D.N.Y. Dec. 20, 2012) (DNH) (citing *Lombardo v. Holanchock,* 2008 WL 2543573, at *8 (S .D.N.Y. Jun. 24, 2008), and rejecting a similar claim bought by Plaintiff Karl Ahlers regarding a search of his sleeping quarters). Likewise, Plaintiff's claims that the search violated CNYPC Policy 5.15 are also insufficient to state a cause of action under § 1983. *Id.*

(quoting *Sealed Plaintiff v. Sealed Defendant,* 332 F.3d 51, 57 n. 5 (2d Cir. 2003) for the proposition that "[e]levating a state-mandated procedure to the status of a constitutionally protected liberty or property interest, would make process an end in itself rather than a requirement whose constitutional purpose is to protect a substantive interest in which the individual has a claim of entitlement") (further citing *Taylor v. Fischer,* 841 F.Supp.2d 734, 738 (W.D.N.Y.2012) for the proposition that "Plaintiff's allegations that defendants failed to follow New York regulations and prescribed procedures with respect to the disciplinary charges against him also fail to support his § 1983 claims. Those alleged procedural violations do not implicate plaintiff's constitutional rights.").

Accordingly, we recommend that Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's Fourth Amendment claims against Defendants Comstock, Nowicki, and Miller.

### C. Retaliation

Plaintiff next argues that the search of his room was conducted in retaliation for verbal complaints he had previously made to CNYPC's business office, regarding his phone bills. *See* Ahlers Dep. at pp. 63–66.

Claims of retaliation fall within the protections of the First Amendment. Because of the relative ease with which claims of retaliation can be invoked, courts should examine such claims "with skepticism and particular care." *Colon v. Coughlin*, 58 F.3d at 872. To prevail on a section 1983 retaliation claim plaintiff must prove: (1) that he or she was engaged in constitutionally protected activity, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action in that alleged conduct was substantially motivated by the protected activity. *Gill v. Pidlypchak*, 389 F.3d at 380 (citing *Dawes*

*v. Walker*, 239 F.3d at 492); see also *Morales v. Mackalm*, 278 F. 3d 126, 131 (2d Cir. 2002).

However, here, even if we accept that Plaintiff was engaged in a protected exercise,[1] he fails to show that there was a causal nexus between that exercise and the search of his room. Furthermore, Plaintiff's claim fails because a search of an involuntarily civilly committed persons room does not constitute an adverse action. *See Lombardo v. Holanchock*, 2008 WL 254357, at * 8 (holding that involuntarily civilly committed plaintiff's claim that his room was searched in retaliation for complaints he made cannot be the basis for a retaliation claim because involuntarily civilly committed plaintiffs do not enjoy a right to privacy in their rooms).

Accordingly, we recommend that Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's retaliation claim against Defendant Comstock.

### D. Due Process

Ahlers claims that his right to due process under the Fifth and Fourteenth Amendments were violated when, contrary to facility procedure, as set forth in § 5.15 of the CNYPC Handbook, he was not given a receipt for the items that were confiscated from his room and because his room was not put back in its original condition after the search. Ahlers Dep. at pp. 50–52.

To the extent that Plaintiff is claiming he had a due process property interest in the items confiscated from his room, such a claim must fail:

> Even an intentional deprivation of an inmate's property that is random and unauthorized does not give rise to a due process claim so long as "adequate state post-deprivation remedies are available." *Hudson v. Palmer,* 468 U.S. 517, 533 . . . (1984). New York law provides such a remedy in the form of an action before the

---

[1] There is certainly support for the proposition that verbal complaints constitute a protected exercise under the First Amendment. *See Monko v. Cusack*, 2013 WL 5441724, at *10 (N.D.N.Y. Sept. 27, 2013) (citing cases for the proposition that "[a]n inmate's verbal complaint to a corrections officer might serve as the basis for a § 1983 retaliation claim.").

    New York Court of Claims.

*Ahlers v. Bosco*, 2012 WL 6649191, at *4–5 (N.D.N.Y. Dec. 20, 2012) (quoting *Collins v. Goord,* 438 F.Supp.2d 399, 418–19 (S.D.N.Y. 2006)); *see also Smith v. Hogan*, 2011 WL 4343978, at *9 (N.D.N.Y. Aug. 1, 2011) ("This Circuit has held that 'confiscation ... [does] not constitute a Fourteenth Amendment violation for loss of property because of the availability of state court post-deprivation remedies' in the New York Court of Claims.") (quoting *Koehl v. Dalsheim,* 85 F.3d 86, 88 (2d Cir. 1996)).

Moreover, claims involving the improper adherence to proprietary facility policies are incognizable under § 1983; only rights secured by the Constitution and federal law are actionable under § 1983. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (holding that violations of state procedural requirements do not give rise to section 1983 liability).

    Since Ahlers's had an adequate remedy to address the confiscation of his property, and his claim that his room was not put back in order is based upon an alleged violation of CNYPC's room policy, we recommend that Defendants' Motion for Summary Judgment as to Plaintiff's Fourteenth Amendment due process claims be **GRANTED**.

    Likewise, the Fifth Amendment applies only to federal actors, not state actors. *Snow v. Vill. of Chatham*, 84 F. Supp. 2d 322, 326-27 (N.D.N.Y. 2000). Since none of the Defendants in the instant action are federal officials, we further recommend that Defendants' Motion for Summary Judgment as to Plaintiff's Fifth Amendment due process claims be **GRANTED**.

### E. Conditions of Confinement

    Although Plaintiff did not explicitly identify conditions of confinement as a cause of action in his Complaint, the Second Circuit has held that in addressing *pro se* pleadings, a court must read the plaintiff's papers liberally and interpret them to raise the strongest arguments that they suggest. *Lane v. Carpinello*, 2009 WL 3074344, at *6 (N.D.N.Y. Sept. 24, 2009)). Examining Plaintiff's

papers liberally, it is possible that his claim that during the search of his room, his sheets were thrown on the floor and stepped on, but not replaced with clean sheets, raises a conditions of confinement claim.

The Eighth Amendment's proscription against the cruel and unusual punishment of convicted criminals is inapplicable to involuntarily civilly confined plaintiffs. *Youngberg v. Romeo*, 457 U.S. 307, 312 (1982). Rather, any claims arising from the conditions under which involuntarily civilly committed persons are confined are evaluated under the Due Process Clause of the Fourteenth Amendment. *Dove v. City of New York*, 2007 WL 805786, at *7 (S.D.N.Y. March 15, 2007). However, in practice, courts apply the same legal standards when analyzing either type of claim. *Butler v. Suffolk Cnty.*, 289 F.R.D. 80, 92 (E.D.N.Y. 2013).

In order to state a valid conditions of confinement claim under the Eighth Amendment, a plaintiff must allege that (1) the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (citation omitted) (cited in *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996)). In *Phelps v. Kapnolas*, 308 F.3d 180 (2d Cir. 2002), the Second Circuit set out in detail the requirements that a plaintiff must prove in order to make out a claim that the conditions of his confinement violated the Eighth Amendment:

> Under the Eighth Amendment, States must not deprive prisoners of their "basic human needs — *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling* [*v. McKinney*], 509 U.S. 25, 32 [1993] (citation and internal quotation marks omitted). Nor may prison officials expose prisoners to conditions that "pose an unreasonable risk of serious damage to [their] future health." *Id.* at 35. Ultimately, to establish the objective element of an Eighth Amendment claim, a prisoner must prove that the conditions of his confinement violate contemporary standards of decency. *Id.* at 35-36; *Rhodes* [*v. Chapman*], 452 U.S. 337[,] 347 [(2002)].

> Concerning the "subjective" requirement, the Supreme Court has explained that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* [*v. Brennan*], 511 U.S. [825,] 837 [(1994)].

*Phelps v. Kapnolas*, 308 F.3d at 185-86.

Here, Plaintiff has claimed that he was forced to sleep on dirty sheets for approximately four nights.[2] Compl. at ¶¶ g & h; *see also* Ahlers Dep. at pp. 30 & 53. Even if true, such a temporary and minimal deprivation is *de minimus* at best, and as such does not rise to constitutional proportions. *See Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 469 (S.D.N.Y. 2012) (dismissing plaintiff's conditions of confinement claim where alleged conditions were too "***de minimis***" to state a claim) (alterations in original).

Accordingly, to the extent that Plaintiff may have attempted to raise a conditions of confinement claim regarding his bedding, we recommend that such a claim be **DISMISSED.**

### F. Qualified Immunity

Defendants have argued that they are entitled to qualified immunity; however, having found no evidence of any underlying constitutional violations, we need not, and do not, discuss qualified immunity.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 18) be

---

[2] Plaintiff never clarifies how long he had to wait for clean sheets. However, the search of his room occurred on Wednesday February 1st, and Plaintiff has alleged that clean sheets were distributed every Sunday. Ahlers Dep. at p. 30. Therefore, it is reasonable to assume that Plaintiff's sheets may have remained soiled for up to four nights after the search.

**GRANTED** and this action be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 25, 2014

Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge